UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| THOMAS JUSTIN SJOBERG, | Case No. 3:20-cv-00322-MMD-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

This is a habeas corpus action under 28 U.S.C. § 2254 brought by Petitioner Thomas Justin Sjoberg. Petitioner is represented by retained counsel. The Court has reviewed the petition for writ of habeas corpus (ECF No. 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will serve the petition upon Respondents for a response.

It therefore is ordered that the Clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It further is ordered that the Clerk electronically serve the Attorney General of the State of Nevada a copy of the petition (ECF No. 1) and a copy of this order.

It further is ordered that Respondents shall file a response to the petition, including potentially by motion to dismiss, within 60 days of entry of this order and that Petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

It further is ordered that any procedural defenses raised by Respondents to the petition shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in serial

fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It further is ordered that, in any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It further is ordered that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 4th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE