UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS JUSTIN SJOBERG,<br><br>      Petitioner,<br>  v.<br><br>ISIDRO BACA, *et al.*,<br><br>      Respondents. | Case No. 3:20-cv-00322-MMD-CLB<br><br>ORDER |

## I.   SUMMARY

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the Court is Respondents' motion to dismiss.[1] (ECF No. 14 "Motion").) The Court finds that ground one of the petition is not addressable in federal habeas corpus. The court therefore grants Respondents' Motion and dismisses ground one.

## II.   BACKGROUND

On May 6, 2015, Deputy Sheriff Wayne Hawley of Lyon County, Nevada, interviewed Petitioner Thomas Justin Sjoberg. (Exh. 1, ECF No. 4-1.) At the conclusion of the interview, Hawley arrested Sjoberg. On May 29, 2015, Sjoberg was charged in state district court with the following counts: one count of sexual assault on a child under the age of 16 years, not causing substantial bodily harm; one count of lewdness with a child under the age of 14 years; one count of abuse, neglect, or endangerment of a child, not causing substantial bodily or mental harm; one count of battery with intent to commit sexual assault; and one count of open or gross lewdness. (Exh. 17, ECF No. 16-2.)[2] The

---

[1] Sjoberg opposed the Motion (ECF No. 24) and Respondents filed a reply (ECF No. 25).

[2] Sjoberg filed exhibits 1-16 (ECF No. 4) shortly after he filed his habeas corpus petition. Respondents filed their exhibits when they filed their Motion. Respondents continued with Sjoberg's numbering scheme, and their first exhibit is numbered 17.

state district court then sent Sjoberg to a mental-health center for a competency evaluation. (Exh. 21, ECF No. 16-5.) On November 25, 2015, the prosecution filed a new information charging Sjoberg with one count of lewdness with a child under the age of 14 years. (Exh. 26, ECF No. 16-10.) On December 7, 2015, Sjoberg pleaded guilty to that count under a guilty plea agreement, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). (Exh. 28, ECF No. 16-12; Exh. 29, ECF No. 16-13.)

On February 8, 2016, Sjoberg filed a motion for a new trial. (Exh. 32, ECF No. 16-16.) On March 27, 2016, the state district court denied the motion. (Exh. 37, ECF No. 17-2.) On May 5, 2016, the state district court entered a judgment of conviction. (Exh. 42, ECF No. 17-7.) Sjoberg appealed. (Exh. 43, ECF No. 17-8.) On April 19, 2017, the Nevada Supreme Court affirmed Sjoberg's conviction. (Exh. 56, ECF No. 18-5.)

On November 1, 2017, Sjoberg filed a post-conviction habeas corpus petition in the state district court. (Exh. 58, ECF No. 18-7.) The state district court appointed counsel to represent Sjoberg. (Exh. 62, ECF No. 18-11.) Sjoberg then filed a counseled supplement to the petition. (Exh. 63, ECF No. 18-12.) Sjoberg filed an amended petition on February 21, 2018. (Exh. 71, ECF No. 19-1.) The state district court held a hearing on October 24, 2018. (Exh. 81, ECF No. 21-1.) On December 27, 2018, the state district court denied the petition. (Exh. 84, ECF No. 22-1.) Sjoberg appealed. (Exh. 85, ECF No. 22-2.) The Nevada Court of Appeals affirmed on April 10, 2020. (Exh. 105, ECF No. 23-4.)

On June 1, Sjoberg filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. (ECF No. 1.) Respondents then filed their Motion. (ECF No. 14.)

### III. LEGAL STANDARD

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior

to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759 (1970)]." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017).

## IV. DISCUSSION

### A. *HENDERSON* BARS CONSIDERATION OF GROUND ONE

The Petition asserts two grounds for relief. In ground one, Sjoberg claims that he was in custody when Deputy Hawley interrogated him. However, Sjoberg alleges Hawley initially did not give Sjoberg the warning required by *Miranda v. Arizona*, 384 U.S. 436 (1966). Sjoberg then alleges that Hawley later did not obtain a constitutionally proper waiver of Sjoberg's rights under *Miranda*. In ground two, Sjoberg claims that trial counsel provided ineffective assistance by advising Sjoberg to plead guilty under *Alford* instead of filing a motion to suppress his statements to Hawley.

Respondents argue that *Henderson* bars consideration of ground one because it is a claim of a violation of constitutional rights that occurred before Sjoberg pleaded guilty. (ECF No. 14 at 3-4.) Petitioner's argument in opposition concludes:

> [T]he merits of Ground I [must] be reached, in order to reach the merits of ground II. [*Henderson*] simply does not apply for that reason. Ground I really is an extension of Ground II.

(ECF No. 24 at 5.) The court disagrees. Petitioner has structured his Petition such that the parties need to consider the allegations in ground one to reach the merits of ground two. However, the legal standard for ground two remains that of a claim of ineffective assistance of trial counsel: deficient performance by trial counsel below an objective standard of reasonableness, and prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).[3] Additionally, the Court's

---

[3]*Henderson* does not bar consideration of ground two, nor do respondents argue that it does, because the claim is that counsel's failure to file a motion to suppress affected Sjoberg's decision to plead guilty under *Alford*. *See Mahrt*, 849 F.3d at 1169-71.

review is limited to determining whether the decision of the Nevada Court of Appeals was contrary to, or an unreasonable application of, *Strickland*. The Court can and will reach the merits of ground two, but it is incorrect to say that the court *must* reach the merits of ground one to reach the merits of ground two. *Henderson* thus bars consideration of ground one. The Court dismisses it.

## B. EXHAUSTION OF GROUND ONE

Respondents argue in the alternative that Sjoberg has not exhausted his state-court remedies for ground one because he never has presented a free-standing *Miranda* claim to those courts. (ECF No. 14 at 4-5.) The Court will not consider this argument because the Court is dismissing ground one for the reasons above.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Respondents' motion to dismiss (ECF No. 14) is granted. Ground one is dismissed from this action.

It is further ordered that Respondents will have 60 days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have 30 days from the date on which the answer is served to file a reply.

DATED THIS 23rd Day of July 2021

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE